## SAMUEL HARMON *v.* PAUL JUGE FILS & CO. et al.

Attachments must be satisfied in the order in which they are levied. C. P. 265.

To entitle an attachment creditor to be paid out of the property attached, it is not essential
that the judgment should decree a privilege upon the property. A judgment decreeing
that the debt be paid out of the property attached, is equivalent to a judgment decreeing a
privilege.

The privilege for rent due, is entitled to a preference over that of an attaching creditor.

APPEAL from the District Court of Jefferson, *Clark*. J. *Purvis* and *James
Brewer*, for *Longis*, appellant. *J. J. Michel*, for *Juge Fils & Co.*, appel-
lees. The judgment of the court was pronounced by

PRESTON, J. A stock of goods were sold under a writ of *fieri facias*, in the
suit of *Paul Juge & Co.*, against *Despus & Co.* They commenced an ordinary
suit, but afterwards obtained an attachment, on affidavit that the defendants
were about to depart from the State. In their judgment, it was decreed, that
they should be paid, with privilege upon the property attached.

Previously to their attachment, however, the same property had been attached
at the suit of *Pierre Longis*, on the same ground. He obtained judgment, with
a decree that the property should be subject to the judgment, and sold to pay
the same.

*Samuel Harmon* took a rule on both parties, to show cause why the proceeds
of the property sold by the sheriff, should not be paid over to him, in satisfaction
of a judgment he had obtained for rent, with the landlord's privilege. *Longis*
contested his right to rent, on the ground, that *Despus & Co.* had sold their
stock to him for a large sum; that the rent, before the sale, was extinguished
by the price, and that he could not be landlord and tenant both, after the sale;
and, therefore, no rent was due. A bill of sale of the effects in the store, made
before a notary, was produced. Nevertheless, it was admitted that *Despus &
Co.* were in possession of the effects at the time of the attachment. The sale
had not, therefore, been carried into effect by delivery, and the court very prop-
erly allowed the rent out of the proceeds of the sheriff's sale. But as to
the balance of the fund, the court allowed a preference to *Juge & Co.* over *Lon-*

<div style="float:right">HARMON<br>v.<br>JUGE.</div>

*gis*, on the ground, that the judgment in favor of the former decreed a privilege, whilst the judgment in favor of the latter did not. · That was an error.

The suits·of the respective parties show that neither had a preference to be paid out of ·the proceeds of the property, except by virtue of their attachments. The prior attachment of *Longis* gave him a· preference over *Juge & Co.* The judgment in his favor decreed, that the property attached was subject to his judgment, which should be paid out of the same. The judgment in favor of *Juge & Co.* substantially decreed no more.

Attachments must be satisfied in the order in which they are levied, otherwise the process of the court, in the first attachment, might be rendered nugatory, and the 265 article of the Code of Practice, which authorizes the attaching creditor to have the property attached sold to satisfy his judgment, of no avail.

The judgment in favor of *Samuel Harmon* is confirmed. The remainder of the judgment is reversed; and it is decreed that *Pierre Longis* be paid four hundred and thirty-one dollars, the amount of· his judgment, with the legal interest allowed in the judgment, out of the proceeds of the property attached by him, in preference to *Paul Juge Fils & Co.*, who are condemned to pay the costs of the appeal.